UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKFORCE DEFENSE LEAGUE,<br><br>          Plaintiff,<br><br>     v.<br><br>CLAYCO, INC., et al.,<br><br>          Defendants. | No.  2:22-cv-00503-JAM-DB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE** |

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Workforce Defense League ("Plaintiff") is a labor management cooperation committee.  First Am. Compl. ("FAC") ¶ 5, ECF No. 10. It brings this action against Clayco, Inc. and United Contractor Services ("Defendants") alleging carpenters employed to work for them at an Amazon Warehouse project in Tracy were not paid for all hours worked, overtime wages, or premiums for missed rest breaks.  See generally id.  Plaintiff asserts a single claim, on its own behalf and on behalf of the carpenters, under California Labor Code section 218.7, which allows a labor management cooperation committee to bring an action against a direct contractor or subcontractor for unpaid wages owed to a wage

1

claimant.  Defendants now move to dismiss this claim.  See Mot. to Dismiss ("Mot."), ECF No. 11.[1]  Plaintiff opposed the motion. See Opp'n, ECF No. 15.  Defendants replied.  See Reply, ECF No. 18.  For the reasons set forth below this motion is granted in part and denied in part.

## II.  OPINION

### A.  Judicial Notice

Defendant requests the Court take judicial notice of an order in the Napa County Superior Court Case Workforce Defense League v. Davis Reed Construction, Inc., et al., No. 21-CV-000232.  Defs.' Req. for Judicial Notice ("RJN"), ECF No. 11-3. Plaintiff requests the Court take judicial notice of two documents: (1) the Industrial Welfare Commission Order No. 16-2001 Regulating Wages, Hours and Working Conditions in Certain On-Site Occupations in the Construction, Drilling, Logging and Mining Industries and (2) a Statement as to the Basis for Wage Order No. 16 Regarding Certain On-Site Occupations in the Construction, Drilling, Mining, and Logging Industries.  Pl.'s Req. for Judicial Notice ("RJN"), ECF No. 16.  As matters of public record, all exhibits are proper subjects of judicial notice.  See Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (court may take judicial notice of orders and proceedings in other courts); Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F.Supp.3d 932, 943 (C.D. Cal. 2014) (California Industrial Welfare Commission Orders are proper subjects of judicial notice).  Accordingly, the Court GRANTS Defendants' and

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 23, 2022.

1 Plaintiff's request for judicial notice.

2     B.   <u>Legal Standard</u>

3     A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Id.</u> "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

18     C.   <u>Analysis</u>

19     Plaintiff asserts a single claim for unpaid wages on behalf of the carpenters who worked on the Tracy-based project pursuant to California Labor Code section 218.7, which makes both direct contractors and subcontractors liable for any unpaid wages. Plaintiff alleges that Defendants failed to pay carpenters on the project overtime pay, failed to provide rest breaks or adequate compensation for those missed, and failed to pay twice the state minimum wage, as required because the carpenters supplied their own tools. FAC ¶¶ 28, 29, 30.

28     At the outset, Defendants argue Plaintiff has failed to

1  plead sufficient facts to establish it has statutory standing to
2  pursue a claim for unpaid wages under Labor Code section 218.7,
3  as the complaint contains no allegations that Defendants, or any
4  employer of the carpenters who worked on the project,
5  participated in its formation or organization.  Mot. at 8.  The
6  Court rejects this argument because, as Plaintiff points out,
7  Defendants offer no authority to support their claim that a
8  joint labor management cooperation committee may only sue its
9  own members.  Opp'n at 2-3; see also Cal. Lab. Code
10 § 218.7(b)(3).
11      Defendants also contend Plaintiff has failed to allege
12 sufficient facts to state a plausible claim.  Mot. at 5-9.  In
13 the context of wage claims, the Ninth Circuit has held that
14 "[a]lthough [. . .] detailed factual allegations regarding the
15 number of overtime hours worked are not required to state a
16 plausible claim, [. . .] conclusory allegations that merely
17 recite the statutory language are [in]adequate."  Landers v.
18 Quality Commc'ns, Inc., 771 F.3d 638, 644 (9th Cir. 2014), as
19 amended, (Jan 26, 2015), cert. denied, 575 U.S. 979 (2015); see
20 also Boyack v. Regis Corp., 812 F. App'x 428 (9th Cir. 2020)
21 (affirming dismissal of California Labor Code claims for unpaid
22 overtime, unpaid minimum wages, and rest break violations for
23 failure to meet the pleading requirements laid out in Landers).
24 At the very least, plaintiffs "should be able to allege facts
25 demonstrating that there was at least one workweek in which they
26 worked in excess of forty hours and were not paid overtime
27 wages."  Landers, 771 F.3d at 646.
28      The Court finds Plaintiff has alleged sufficient factual

4

detail here to state a claim.  As the Ninth Circuit held in Landers a plaintiff "may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." Id. at 645.  Here, Plaintiff alleges the average workweek consisted of 56 hours a week and that claimants were paid $25 an hour for all hours worked, including overtime hours.  FAC ¶¶ 15, 17.  This is sufficient to allege a plausible claim for relief for failure to pay overtime.  See Landers, 771 F.3d at 645.

Defendants also contend that Plaintiff's allegations regarding the carpenters use of tools and failure to provide meal and rest breaks cannot support their claim under California Labor Code section 218.7 and therefore moves to strike those allegations under Federal Rule of Civil Procedure 12(f) which allows the court to "strike from a pleading [. . .] any redundant, immaterial, impertinent, or scandalous matter."  Mot. at 9-14.

Labor Code section 218.7(b)(3) provides that a joint labor-management cooperation committee may bring an action against a direct contractor or subcontractor at any tier for unpaid wages owed to a wage claimant by the direct contractor or subcontractor.  Plaintiff alleges that "Wage Order 16, section 8, required Defendants to pay Wage Claimants twice the state minimum wage, because Defendants required Wage Claimants to bring their own tools."  FAC ¶ 30.  But the section upon which Plaintiff relies is merely an exception to Labor Code section

2802 which requires an employer to pay employees' expenditures or losses incurred in the discharge of their duties. Cal. Lab. Code § 2802(a). Wage Order 16, section 8 requires employers to furnish all tools and equipment necessary to perform a job. It exempts from this general rule employees "whose wages are at least two (2) times the minimum wage." Cal. Code Regs., tit 8, § 11160, ¶ 8(B). "In providing for this exception, the Wage Order did not create a new minimum wage or prevailing minimum wage for employees who must furnish their own tools." Gonzalez v. Nefab Packaging, Inc., No. LA CV13-04499 JAK (SSx), 2013 WL 12321976, at *4 (C.D. Cal. Oct. 30, 2013), aff'd, 637 F. App'x 310 (9th Cir. 2016). Rather, the remedy for an employee who was improperly required to provide their own tools is to make the employer liable for the cost of the tool or equipment under Labor Code section 2802. See id. Accordingly, Plaintiff's allegations regarding the carpenters furnishing their own tools are immaterial to their claim for unpaid wages. The Court therefore grants Defendants' motion to strike the following allegations:

- "Defendants required Wage Claimants to provide their own tools, including impact drills, lasers, drywall screw guns, and harnesses" from paragraph 15.
- Paragraph 19 in its entirety.
- "Wage Order 16, section 8, required Defendants to Pay Wage Claimants twice the state minimum wage, because Defendants required Wage Claimants to bring their own tools" from paragraph 30.

The allegations of unpaid premiums for meal and break

violations are, however, relevant, as the California Supreme Court recently held "that premium pay is fairly understood as falling within the Labor Code's general definition of wages." Naranjo v. Spectrum Sec. Servs., Inc., 509 P.3d 956, 970 (Cal. 2022). Defendants attempt to avoid this result, relying on Kirby v. Immoos Fire Prot., Inc., 274 P.3d 1160 (Cal. 2012). In Kirby, the California Supreme Court considered whether an action under section 226.7 for violation of meal and rest provisions was an "action brought for the nonpayment of wages" for purposes of fee-shifting under Labor Code section 218.5. Id. at 1160. The Court concluded that "a section 226.7 action is brought for the nonprovision of meal and rest periods, not for the 'nonpayment of wages.'" Id. But here, unlike the provision at issue in Kirby, section 218.7(b)(3) is not cabined to actions for the nonpayment of wages. Rather 218.7 allows Plaintiff to bring a claim for any unpaid wages, which as Naranjo makes clear includes premiums for missed meal and rest periods. Naranjo, 509 P.3d at 970. Defendants, as the moving party, have not carried their burden to show dismissal is warranted as a matter of law under Kirby. The Court also declines to strike Plaintiff's references to other statutory codes as they may be relevant to show what unpaid wages are due under Labor Code section 218.7. Opp'n at 15.

Plaintiff's meal and rest period violations allegations do, however, lack specificity. See Perez v. DNC Parks & Resorts at Sequoia, No. 19-cv-00484-DAD-SAB, 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020) ("To successfully state a meal or rest claim, plaintiffs must allege facts specifically identifying an

instance where they were deprived of a meal or rest break."). Therefore, to the extent Plaintiff's claim is based on meal and rest break violations it is dismissed without prejudice. See Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (explaining leave to amend should be freely given unless there has been undue delay, bad faith, repeated failure to cure deficiencies, it would cause undue prejudice to the opposing counsel or would be futile).

### III.   ORDER

For the reasons set forth above, the Court DENIES in part and GRANTS in part Defendants' motion to dismiss.  Plaintiff's claim is dismissed without prejudice to the extent it relies on allegations of meal and break violations.  If Plaintiff elects to amend its complaint, it should file its Second Amended Complaint within twenty days (20) of this Order.  Defendants' responsive pleadings are due within twenty days (20) thereafter. Defendants' motion to strike is also GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: August 19, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE