MATTHEW J. GAUGER, Bar No. 139785
EZEKIEL D. CARDER, Bar No. 206537
ANDREA MATSUOKA, Bar No. 289106
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 I Street, Suite 201
Sacramento, California 95814
Telephone  (916) 443-6600
Fax  (916) 442-0244
E-Mail:  mgauger@unioncounsel.net
ecarder@unioncounsel.net
amatsuoka@unioncounsel.net
courtnotices@unioncounsel.net

Attorneys for Plaintiff Workforce Defense League

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WORKFORCE DEFENSE LEAGUE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CLAYCO, INC. AND UNITED CONTRACTORS SERVICES LLC,<br><br>　　　　　Defendant. | No. 2:22-cv-00503-JAM-DB<br><br>**SECOND AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS**<br><br>Judge:　　Hon. JOHN A. MENDEZ<br><br>Demand for Jury Trial |

## INTRODUCTION

This is an action brought by the Workforce Defense League ("WDL" or "Plaintiff") on its own behalf and on behalf of wage claimants against Clayco, Inc. d/b/a Clayco Construction Company Inc. ("Clayco, Inc.") and United Contractor Services LLC d/b/a United Framing Services ("United Contractor Services"), (collectively "Defendants"), alleging that Defendants failed to pay wages owed to carpenters on Defendants' Big Bird Amazon Warehouse project located in Tracy, California.  Plaintiff alleges that Defendants owe unpaid wages including overtime wages to Mario Barrios, Cecilio Casas, Jesus Casas, David De Aquino, Isai Fuentes, Miguel Gonzalez, Hugo Gonzalez, Juan Gutierrez, Omar Hernandez, Elias Lopez, Sergio Placido, Miguel Pulido, Esteban Reyes, Dennis Rodriguez, Angel Salinas, Agustin Sauceda, Wilfredo

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

1

SECOND AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No. 2:22-cv-00503-JAM-DB

Venegas, and similarly situated individuals ("Wage Claimants") in violation of the California Labor Code and Industrial Welfare Commission Wage Order 16. Plaintiff, on behalf of Wage Claimants, seeks wages owed as defined by statute and attorneys' fees and costs of suit.

Wage Claimants and all other similarly situated individuals are presently or formerly employed by Defendants as carpenters at Defendants' Big Bird Amazon Warehouse project located at 1500 E. Grant Line Rd. in Tracy, California ("Project"). During the statutory period, Defendants failed to compensate Wage Claimants for all hours worked, pay proper regular wages and overtime wages, pay rest break premiums for missed rest breaks, and pay meal break premiums for missed meal breaks. As a result of these violations, Wage Claimants were injured in the form of lost compensation over the statutory period.

## I. JURY DEMAND

1. Plaintiff demands a jury trial.

## II. JURISDICTION

2. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a). This action was removed to this Court by Defendant under 28 U.S.C. §1444(a).

## III. VENUE

3. Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C.§ 1441(a), which provides in pertinent part that:

> Any civil action brought in a state court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the District and Division embracing the place where such action is pending.

4. Plaintiff originally brought this action in San Joaquin Superior Court. This venue properly lies in the United States District Court for the Eastern District of California under 28 U.S.C. § 84(a), 1391(a), and 1441(a). Defendants have satisfied the procedural requirements of 28 U.S.C. §1446. Joint Notice of Removal of Civil Action under 28 U.S.C. §§ 1332, 1441, and 1446 [diversity jurisdiction], [Doc. 1].

## IV. PARTIES

5. Workforce Defense League is a labor management cooperation committee formed

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

2
SECOND AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No. 2:22-cv-00503-JAM-DB

pursuant to the Federal Labor Management Cooperation of 1978 ("LMCC"). (*See* 29 U.S.C. § 175(a).) WDL brings this action on behalf of Wage Claimants for unpaid wages owed to Wage Claimants pursuant to Labor Code section 218.7(a) and (b)(3).

6. Defendant Clayco, Inc. is a corporation doing business in California and is a person as defined in Labor Code section 18 and Business and Professions Code section 17201, and a direct contractor as defined in Labor Code section 218.7. Clayco, Inc. holds a Contractors State License Board "B" General Building Contractor license, License No. 714136.

7. Defendant United Contractor Services is a limited liability company doing business in California and is a person as defined in Labor Code section 18 and Business and Professions Code section 17201, and a subcontractor as defined in Labor Code section 218.7. United Contractor Services holds Contractors State License Board License No. 1027023, with "C-9" or Drywall and "C-5" or Framing and Rough Carpentry classifications.

8. Puertos 21 USA LLC ("Puertos 21") is a limited liability company doing business in California and is a person as defined in Labor Code section 18 and Business and Professions Code section 17201. Puertos 21 is not registered as a business entity with the State of California and does not hold a Contractors State License Board License.

9. Venue is proper based on the events giving rise to this complaint occurring in the City of Tracy within San Joaquin County, California.

10. The relief requested is within the jurisdiction of this Court.

## V.   FACTUAL ALLEGATIONS

11. The wages, hours and working conditions of individuals employed in the construction industries, including carpenters, are regulated by Industrial Welfare Commission Wage Order 16-2001, Cal. Code Regs., tit. 8, § 11160 ("Wage Order 16") and various provisions of the Labor Code.

12. Labor Code section 218.7 provides that a direct contractor, commonly known as a general contractor, is liable for wages owed by a subcontractor to wage claimants "for the erection, construction, alteration, or repair of a building, structure, or other private work." (Lab. Code § 218.7(a)(1).) Section 218.7 is limited to "contracts entered into on or after January 1,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

(Lab. Code § 218.7(a)(1).)  Section 218.7 provides a limited list of entities that can make a wage claim against the direct contractor and subcontractor on their own behalf without including wage claimants as plaintiffs, including "a joint-labor management cooperation committee established pursuant to the federal Labor Management Cooperation Act of 1978 (29 U.S.C. Sec. 175a)" ("LMCC").  (Lab. Code § 218.7(b)(3).)

13. Within four years prior to the filing of this action, under contracts executed after January 1, 2018, Defendants employed Wage Claimants in the erection, construction, alteration or repair of a building structure or other private work at and in connection with a construction project known as the Big Bird Amazon Warehouse project, located at 1500 E. Grant Line Rd. in Tracy, California ("Project").  Clayco, Inc. is the general contractor on the Project and United Contractor Services is one of its subcontractors on the Project.  Puertos 21 has a business relationship with United Contractor Services and purports to be subcontractor of United Contractor Services on the Project and therefore a second-tier subcontractor of Clayco, Inc.

14. Wage Claimants performed metal stud framing and drywall work on the Project. Wage Claimants worked directly for Puertos 21.  Puertos 21 told Wage Claimants it would not pay them overtime but would instead pay them $25 an hour for all hours worked, or $18 in the case of at least one Wage Claimant who performed clean-up and set-up work, and that they must work approximately 56 hours a week.

15. Wage Claimants worked Monday through Saturday, and occasionally Sunday, for more than 56 hours a week on average.

16. Wage Claimants were paid by personal checks from Puertos 21's checking account.

17. Defendants failed to pay Wage Claimants overtime pay for overtime hours worked.  Defendants paid Wage Claimants only $25 an hour, or $27 an hour following a raise that some Wage Claimants received in approximately September 2021, for all hours worked, even overtime hours, when they paid at all.

18. Defendants failed to provide Wage Claimants rest breaks by never affording the required morning or afternoon rest breaks.  Defendants also failed to pay Wage Claimants rest

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

4
SECOND AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No. 2:22-cv-00503-JAM-DB

premiums for these missed rest breaks  For example, Defendants failed to provide Wage Claimants rest breaks or pay Wage Claimants rest premiums for all work weeks from the work week beginning May 18, 2021 through the work week beginning June 13, 2022.  Accordingly, Wage Claimants missed two rest breaks each and every workday and are owed rest premiums for each day they performed work on the Project for Defendants.

19.    Defendants scheduled Wage Claimants a single meal break each Monday through Thursday; on Fridays and Saturdays, however, Defendants prohibited Wage Claimants from taking any meal break whatsoever.  Accordingly, Wage Claimants missed meal breaks each and every Friday and Saturday they worked on the Project and are owed meal premiums for those days, including but not limited to the Fridays and Saturdays from all work weeks from the work week beginning May 18, 2021 through the work week beginning June 13, 2022.

20.    Plaintiff notified Defendants and Puertos 21 of their failure to make required wage payments by first class mail on November 12, 2021, pursuant to Labor Code section 218.7(a)(3). Defendants did not cure the violations.

## VI.    FIRST CAUSE OF ACTION

**(FAILURE TO PAY FOR EACH HOUR WORKED AT THE APPROPRIATE RATE)**
**(Labor Code Sections 218.5, 226.2, 226.7, 510, 1194**
**Wage Order 16, § 3, 4, 10 and 11)**

21.    Plaintiff realleges and incorporates paragraphs 1 through 20 inclusive, as though fully set forth herein.

22.    California law requires employees be compensated at no less than the appropriate minimum wage for each and every individual hour worked.

23.    Labor Code section 510(a) states an employee must be compensated for "work." Section 510(a) and Wage Order 16, section 3 provide that any work in excess of eight hours in one workday or in excess of forty hours in one workweek shall be compensated at the rate of no less than one and one-half times the employee's regular rate of pay, and that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the employee's regular rate of pay.

25. Labor Code section 226.7 and Wage Order 16, section 11, establish that an employer that fails to provide an employee a ten minute rest period for every four hours worked or major fraction thereof shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period was not provided.

26. Labor Code section 226.7 and Wage Order 16, section 10, establish that an employer that fails to provide an employee with at least a 30 minute meal period for every work period of more than five hours shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

27. Labor Code section 1194 provides for a private right of action to recover wages for hours worked but not compensated, including interest, reasonable attorney's fees, and cost of suit. Labor Code section 218.5 also provides for reasonable attorney's fees and costs to the prevailing party in actions brought for the nonpayment of wages. In the case of a failure of a subcontractor to pay all wages owed to a wage claimant on private work, Labor Code section 218.7 allows an LMCC to seek such wages from the direct contractor and subcontractor on the wage claimant's behalf.

28. During the statutory period, Defendants failed to pay Wage Claimants all overtime compensation due. Wage Claimants have worked more than 8 hours in a day and/or 40 hours in a week without receiving overtime compensation at the rate of one and one-half (1½) times their regular rate in violation of Labor Code sections 226.2, 510, and 1194 and Wage Order 16, sections 3 and 4.

29. During the statutory period, Defendants also failed to provide Wage Claimants rest and meal breaks or pay Wage Claimants rest or meal break premiums of one hour of pay at the Wage Claimants' regular rate of compensation for each workday that a rest or meal period was not provided in violation of Labor Code section 226.7 and Wage Order 16, sections 10 and 11.

31. WDL, on behalf of Wage Claimants, seeks to recover compensation for time worked but not paid, attorneys' fees and costs under Labor Code sections 218.5, 218.7 and 1194

and Wage Order 16. WDL is an LMCC authorized to seek such compensation pursuant to Labor Code section 218.7(b)(3).

32.   WDL also seeks interest on all wages due on behalf of Wage Claimants, pursuant to Labor Code sections 218.6 and 218.7, and reasonable attorneys' fees and costs associated with bringing this action pursuant to Labor Code sections 218.5, 218.7 and 1194.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## VII.   PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1. For an award of damages in an amount according to proof with interest thereon;

2. For an award of wages according to proof under Labor Code sections 510, 1194, and any other applicable provision;

3. For an accounting to identify, locate, and restore to all current and former Wage Claimants the wages they are due;

4. For interest under Labor Code sections 218.6, 218.7, 1194 and any other applicable provisions;

5. For an award of reasonable attorneys' fees, costs and interest thereon pursuant to Labor Code sections 218.5, 218.7, 1194; CCP § 1021.5 and any other applicable provision; and

6. For such other and further relief as this Court deems just and proper.

Dated: September 2, 2022

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: MATTHEW J. GAUGER
EZEKIEL D. CARDER
ANDREA MATSUOKA

Attorneys for Plaintiff Workforce Defense League

152949\1298611

---

7
SECOND AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No. 2:22-cv-00503-JAM-DB

Matthew J. Gauger, Bar No. 139785
Ezekiel D. Carder, Bar No. 206537
Andrea Matsuoka, Bar No. 289106
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 "I" Street, Suite 201
Sacramento, CA  95814
Telephone: (916) 443-6600
Fax: (916) 442-0244
E-mail:  mgauger@unioncounsel.net
ecarder@unioncounsel.net
amatsuoka@unioncounsel.net

Attorneys for Plaintiff
Workforce Defense League

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKFORCE DEFENSE LEAGUE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CLAYCO, INC., and UNITED CONTRACTOR SERVICES LLC<br><br>　　　　　　　　　　　Defendants. | Case No.  2:22-cv-00503-JAM-DB<br><br>**CERTIFICATE OF SERVICE**<br><br>(San Joaquin County Superior Court Case No. STK-CV-UOS-0000716)<br><br>Complaint Filed: January 28, 2022<br>FAC Filed:　　　 April 13, 2022<br>Trial Date:　　　 None Set |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

1

CERTIFICATE OF SERVICE
Case No. 2:22-CV-00503-JAM-DB

# CERTIFICATE OF SERVICE

I am a citizen of the United States and an employee in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the withing action; my business address is 431 I Street, Suite 201, Sacramento, CA 95814. I certify that on September 2, 2022, the PLAINTIFF'S SECOND AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS document(s) were served on all parties or their counsel of record through CM/ECF system as addressed below, as well as through email.

Michael Nader
Daniel Richardson
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
michael.nader@ogletree.com
daniel.richardson@ogletreedeakins.com
Attorneys for Defendants

I certify under penalty of perjury that the above is true and correct.

Executed at Sacramento, California, on September 2, 2022.

_____
Cynthia Powell

152949\1298645

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

2
CERTIFICATE OF SERVICE
Case No. 2:22-CV-00503-JAM-DB