UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKFORCE DEFENSE LEAGUE,<br><br>    Plaintiff,<br><br>    v.<br><br>CLAYCO, INC.; and UNITED CONTRACTOR SERVICES, LLC<br><br>    Defendants. | No.  2:22-cv-00503-JAM-DB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE** |

Clayco, Inc and United Contractor Services, LLC ("Defendants") petition the Court to strike portions of Workforce Defense League's ("Plaintiff") Second Amended Complaint ("SAC") as immaterial, namely Plaintiff's allegations relating to: (1) meal and rest break violations and (2) relief under statutes other than § 218.7.  See Mot. to Strike ("Mot."), ECF No. 26. Plaintiff opposes the motion, in part, noting the Court's prior order relating to this case.  See Opp'n, ECF No. 27, at 1. Defendants replied.  See Reply, ECF No. 28.

For the reasons set forth below, this Court GRANTS in part and DENIES in part Defendants' motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for December 6, 2023.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

As the facts are already known to the parties, the Court repeats them only as necessary to explain its decision.

Plaintiff is a labor management cooperation committee that has brought this action on behalf of Claimants against Defendants, alleging that Defendants did not pay Claimants for all hours worked, overtime wages, or premiums for missed rest breaks in the construction of an Amazon Fulfillment Center in Tracy, California. See generally SAC, ECF No. 21. Plaintiff alleges that Claimants worked on the project from May 2021 through June 2022; Claimants worked Monday through Saturday, and occasionally Sunday, for at least fifty-six hours per week. Id. ¶¶ 14-15, 18-19. Plaintiff claims that Claimants were promised an hourly pay rate of $25 to $27 but were not paid fully for either their regular or overtime hours. Id. ¶ 17. As for rest and meal breaks, Plaintiff alleges that Claimants were never given required rest breaks and only received a single meal break Monday through Thursday; Claimants also did not receive monetary premiums for the missed breaks. Id. ¶¶ 18-19.

II. OPINION

A. Legal Standard

In considering a motion to strike, FRCP 12(f) provides in pertinent part that "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . Motions to strike are disfavored and infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the

2

litigation." Bassett v. Ruggles et al., 2009 WL 2982895 at *24 (E.D. Cal. Sept. 14, 2009) (internal citations omitted).

    B.    Analysis

        1.    Meal and Rest Break Violations

Defendants contend that Plaintiff's allegations regarding meal and rest break violations must be stricken because (1) Labor Code § 218.7 only permits claims for unpaid wages, not for the nonprovision of breaks and (2) Plaintiffs have failed to satisfy the pleading requirements under Landers v. Quality Communications, Inc., 771 F.3d 638 (9th Cir. 2014). Mot. at 4-5, 11-13. The Court disagrees with Defendants' first argument for the reasons set forth below and dismisses their second argument because it is outside of the scope of their motion to strike. As for the first argument, the California Supreme Court in Naranjo v. Spectrum Security Services Inc. held that "premium pay is fairly understood as falling within the Labor Code's general definition of wages." 509 P.3d 956, 970 (Cal. 2022). Defendants attempt to avoid this result, relying on Kirby v. Immoos Fire Prot., Inc., 274 P.3d 1160 (Cal. 2012). Mot. at 9-11. In Kirby, the California Supreme Court considered whether an action under § 226.7 for violation of meal and rest provisions was an "action brought for the nonpayment of wages" for purposes of fee-shifting under Labor Code § 218.5. Id. at 1160. The Court concluded that "a section 226.7 action is brought for the nonprovision of meal and rest periods, not for the 'nonpayment of wages.'" Id. But here, unlike the provision at issue in Kirby, § 218.7(b)(3) is not limited to actions for the nonpayment of wages. Rather § 218.7 allows Plaintiff to bring a claim for any unpaid wages,

which, as Naranjo makes clear, includes premiums for missed meal and rest periods. Naranjo, 509 P.3d at 970. Defendants reference to Coleman v. Jenny Craig, Inc., 649 F. App'x 387 (9th Cir. 2016) is immaterial because rest break premiums, the remedy for a § 226.7 violation, are considered unpaid wages. See Order, ECF No. 20, at 7. Defendants have failed to show that their motion to strike under FRCP 12(f) is warranted as a matter of law. The Court denies the motion and declines to strike Plaintiff's references to the nonprovision of meal and rest breaks as they are material to Plaintiff's claim for unpaid wages.

### 2. Other Labor Code Sections

The Court grants Defendants' motion to strike the allegations related to Labor Code §§ 218.5, 218.6 and 1194, considering Plaintiff's agreement with Defendants that these sections are immaterial because of § 218.7's scope. Opp'n at 7-8. Specifically, the Court grants Defendants' motion to strike the following allegations: (1) "218.5" and "1194" from paragraph 31; (2) "218.5," "218.6," and "1194" from paragraph 32; and (3) their related allegations in the prayer for relief.

### III. ORDER

For the reasons set forth above, this Court GRANTS in part and DENIES in part Defendants' motion.

IT IS SO ORDERED.

Dated: January 26, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE