UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKFORCE DEFENSE LEAGUE,<br><br>             Plaintiff,<br><br>     v.<br><br>CLAYCO, INC.; and UNITED CONTRACTOR SERVICES, LLC,<br><br>             Defendants. | No.  2:22-cv-00503-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY** |

Clayco, Inc. and United Contractor Services, LLC ("Defendants") petition the Court to stay Workforce Defense League's ("Plaintiff") claim pending the completion of the California Labor Commissioner's Bureau of Field Enforcement ("BOFE") investigation of Defendants' alleged conduct underlying the instant case. See Mot. to Stay ("Mot."), ECF No. 42. Defendants contend that a stay would preserve judicial resources and avoid inconsistent findings between the Court and BOFE. Id. at 5.  Plaintiff opposes the motion. See Opp'n, ECF No. 44. Defendants replied. See Reply, ECF No. 45.

For the reasons set forth below, the Court GRANTS Defendants' motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 11, 2023.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

As the facts are already known to the parties, the Court repeats them only as necessary to explain its decision.

Plaintiff is a labor management cooperation committee that has brought this suit on behalf of Wage Claimants ("Claimants") against Defendants, alleging that Defendants did not pay Claimants for all hours worked, overtime wages, or premiums for missed rest breaks in the construction of an Amazon Warehouse in Tracy, California. See generally Second Amended Complaint ("SAC"), ECF No. 21. On January 28, 2022, Plaintiff filed its complaint in state court; the case was removed to this Court one month later. See Compl., Exhibit 2 to Notice of Removal, ECF No. 1; Notice of Removal, ECF No. 1. A few weeks later, Plaintiff filed a first amended complaint ("FAC"), to which Defendants filed a motion to dismiss; the Court granted, in part, and denied, in part, the motion with leave to amend. See FAC, ECF No. 10, Mot. to Dismiss, ECF No. 11; Order, ECF No. 20. Several weeks later, Plaintiff filed the SAC, to which Defendants filed a motion to strike portions of the SAC. See SAC, Mot. to Dismiss, ECF No. 26. On January 27, 2023, the Court issued an order granting, in part, and denying, in part, Defendants' motion. See Order, ECF No. 31. A couple of weeks later, Defendants filed a motion for reconsideration of the Court's order, which the Court denied for lack of newly discovered evidence, clear error, or intervening change in the controlling law. See Mot. for Reconsideration, ECF No. 32, Order, ECF No. 37.

///

2

On September 20, 2022, a couple of weeks after the filing of the SAC, BOFE notified Defendants of its intent to investigate Defendants for potential Labor Code violations related to the Tracy project. Mot. at 6. Defendants are currently cooperating with BOFE's investigation, including requests for relevant documents and information. Id. On April 20, 2023, Defendants' counsel alleged that they contacted Plaintiff's counsel requesting a stipulation to stay the matter pending the outcome of BOFE's investigation. Mot. at 7. Plaintiff's counsel notified Defendants that they would not agree to stay the instant case. On May 17, 2023, Defendants filed the operative motion to stay.

## II. EVIDENTIARY ISSUES

### A. Judicial Notice

Defendants request the Court take judicial notice of one exhibit: BOFE's 2020-21 Fiscal Year Report to the California Legislature. See Request for Judicial Notice, ECF No. 43. The exhibit constitutes a government record and is, therefore, a proper subject for judicial notice. Anderson v. Holder, 673 F.3d 1089, 1094 n. 1 (9th Cir. 2012); Daniels-Hall v. National Educ. Ass'n., 629 F.3d 992, 998 (9th Cir. 2010).

## III. OPINION

### A. Legal Standard

"A district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). A court must consider several factors when deciding whether to exercise that discretion

3

to issue a stay:(1) the "possible damage which might result from granting a stay;" (2) the "hardship or inequity which a party might suffer in being required to go forward;" and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

The proponent of a stay bears the burden of showing that these factors, on balance, warrant a stay. Clinton, 520 U.S. at 708. The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay" will damage an interested party. Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).

    B. Analysis

        1. Landis Factors

            a. Possible Damage

The Court finds that Plaintiff has failed to sufficiently allege that it or Claimants will incur damages if the Court grants a stay. Defendants' claim that the BOFE investigation is specifically assessing whether damages, premiums, or statutory penalties should be set against Defendants for their alleged conduct during the Tracy project, all of which collectively cover the relief that Plaintiff is seeking in the instant case. Mot. at 8. Even if the stay would result in a delay in Claimants' receipt of their damages, Defendants correctly note that such a delay is not afforded much weight. I.K. ex rel. E.K. v. Sylvan Union Sch. Dist., 681 F. Supp. 2d 1179, 1191 (E.D. Cal. 2010). Defendants further note that the Tracy project has been completed

1  so there is no risk of further damages.  Mot. at 9.
2      Plaintiff contends that Claimants have waited three years
3  for their compensation and that the damages in this case are
4  distinct; at issue in the instant case are "unpaid wages" and
5  public policy favors prompt payment of these wages to employees.
6  Opp'n at 3-4.  Plaintiff then claims that a stay would be harmful
7  to Plaintiff's discovery efforts.  Id.  The Court finds that
8  (1) Plaintiff has failed to put forth any controlling or
9  persuasive authority that would permit the Court to find that
10 unpaid wages are distinct when considering the propriety of a
11 stay; and (2) Plaintiff's contention that its discovery efforts
12 will be impeded is conclusory and without merit; thus, Plaintiff
13 has failed to sufficiently allege that it will suffer damage if
14 the Court grants a stay.

                       b. Hardship or Inequity

16     Landis states that "if there is even a fair possibility"
17 that a stay will damage a relevant party, the party seeking the
18 stay "must make out a clear case of hardship or inequity" in
19 being required to go forward with the action.  299 U.S. at 255.
20 The Court finds that Plaintiff has failed to sufficiently
21 demonstrate that there is a fair possibility it or Claimants will
22 suffer damage if the Court grants a stay in the instant case.  On
23 the other hand, the Court acknowledges Defendants' contention
24 that denial of a stay would subject Defendants to litigating the
25 allegations of the instant case in two concurrent forums, both in
26 the Court and in the BOFE investigation.  Mot. at 9.
27 Nevertheless, the Court finds that this factor does not weigh
28 strongly in favor of either party.

c. <u>Orderly Course of Justice</u>

The Court finds that granting a stay would promote the orderly court of justice. Defendants claim that the BOFE investigation spans the totality of potential Labor Code violations and that, if any claims remain, the Court can address them at the investigation's conclusion. Mot. at 9. Plaintiff responds that the Court has already narrowed the legal issues in the instant case and that there is nothing for the BOFE to contribute, noting that (1) Defendants have not shared all the evidence from the BOFE proceedings with Plaintiff and (2) the BOFE investigation is still in its initial stages and has no set conclusion. Opp'n at 3-4. Plaintiff further claims that it and Claimants can choose to opt out of either proceeding if it appears that there is possibility of double recovery of damages. <u>Id.</u> at 5.

The Court agrees with Defendants and finds that there is sufficient overlap between the allegations and relief sought in the instant case and the BOFE investigation that "waiting for one to be resolved would work to simplify issues in the other" and "preserve judicial resources." <u>United States v. California</u>, No. 218CV00490JAMKJN, 2018 WL 5310675, at *3 (E.D. Cal. Oct. 19, 2018); <u>see also</u> <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863 (9th Cir. 1979) (finding that a district court may enter a stay pending resolution of independent judicial, administrative, or arbitration proceedings which bear upon the case and that such proceedings do not need to be "controlling of the action before the court.").

///

2. <u>Primary Jurisdiction</u>

Because the Court finds that a stay is appropriate under <u>Landis</u>, it does not discuss the merits of Defendants' primary jurisdiction doctrine argument.

## IV. ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion. The proceedings between Plaintiff and Defendants will be STAYED pending the completion of the California Labor Commissioner's Bureau of Field Enforcement ("BOFE") investigation of Defendants' conduct at the Tracy Amazon Warehouse. Within ten days of the completion of the BOFE investigation, the parties shall file a joint status report with the Court.

IT IS SO ORDERED.

Dated: August 21, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

7